```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    16 CR 442 (VM)
     - against -                    :    19 Civ. 5674 (VM)
                                    :
EMIL RENSING,                       :    ORDER
                                    :
                Defendant.          :
-------------------------------------X
```

**VICTOR MARRERO, United States District Judge**.

The Court sentenced defendant Emil Rensing ("Rensing") to 51 months' imprisonment followed by 3 years' supervised release. (See No. 16 CR 442, Dkt. Minute Entry dated June 1, 2018.) Rensing is serving his sentence in FCI Otisville.

By letter dated April 9, 2020, Rensing moved for immediate release from detention pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("Section 3582") and 28 C.F.R. Section 571.61. (See "Motion," No. 19 Civ. 5674, Dkt. No. 13.) The Court denied the Motion without prejudice based upon Rensing's failure to comply with the statutory exhaustion requirements of Section 3582. See United States v. Rensing, No. 16 CR 442, 2020 WL 1847782 (S.D.N.Y. Apr. 13, 2020). Rensing renewed his motion for compassionate release on July 2, 2020, arguing that he had now exhausted his administrative remedies. (See "Renewed Motion," No. 16 CR 442, Dkt. No. 108). For the reasons set forth below, the Court DENIES the Renewed Motion as well.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553(a)") and finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Section 3582(c)(1)(A). 28 C.F.R. Section 571.61 sets forth how an inmate must submit a request under Section 3582 to the BOP.

In his Motion, Rensing states that the ongoing COVID-19 pandemic and his various health conditions including asthma, hypertension, and a rare autoimmune disease ("ITP") present an extraordinary and compelling reason justifying his release. (See generally Motion.) Rensing allegedly made a written request to the BOP on April 4, 2020, but he did not receive a response within thirty days. (See Motion at 4; Renewed Motion at 2.) In the Renewed Motion, Rensing argues both that he has exhausted administrative remedies

2

and that the exhaustion requirement can be waived
regardless. (See Renewed Motion at 2-3.) Rensing also
reiterates his arguments regarding the extraordinary and
compelling reasons for release, adding that conditions at
FCI Otisville raise the likelihood of contracting the
coronavirus and also citing a range of evidence indicating
that Rensing's ITP puts him at a significantly increased
risk of negative complications from the coronavirus. (See
id. at 3-5 & Ex. A; see also No. 16 CR 442, Dkt. No. 109.)

The Government filed its opposition to Rensing's
Renewed Motion on July 13, 2020. (See "Opposition," No. 16
CR 442, Dkt. No. 113.) The Government argues that Rensing
has not satisfied Section 3582's exhaustion requirements
because he petitioned the BOP for home confinement rather
than compassionate release, both of which arise under
different statutory schemes. (See id. at 2-3 & Ex. A.) The
Government also presses that even if Rensing has
demonstrated extraordinary and compelling reasons
counseling in favor of release, which the Government does
not dispute, the Section 3553(a) factors still weigh
against Rensing's release. (See id. at 3-4.)

The Court must deny the Renewed Motion because Rensing
still has not fully complied with the exhaustion
requirements of Section 3582. As the Government correctly

notes, Rensing's request for home confinement ultimately derives from 18 U.S.C. Section 3624(c), "an entirely different statutory scheme for which judicial review is not permitted." United States v. Vigna, No. 16 CR 786, 2020 WL 1900495, at *4 (Apr. 17, 2020). Because requests for home confinement and compassionate release arise from "ultimately different statutory schemes with different considerations underlying each," the Court concludes it would be imprudent to treat the two requests interchangeably. See id. at *5 n.3.

Though Rensing's counsel argues that the statute's clear exhaustion requirement may be waived under these circumstances, the Court is not persuaded. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile to exhaust administrative remedies is unavailing, as the statute contains an express futility provision: the ability to seek judicial relief if the BOP has not acted within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are

4

required to strictly enforce statutory exhaustion requirements."). Multiple United States Courts of Appeals have confirmed that Section 3582's exhaustion requirements cannot be waived, even during the current pandemic. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Alam, 960 F.3d 831, 833-34 (6th Cir. 2020). Accordingly, the Court must deny the Renewed Motion for failure to comply with the exhaustion requirements of Section 3582.

Even if the Court could waive Section 3582's clear exhaustion requirement, it would also deny the Renewed Motion on its merits. Assuming without deciding that Rensing has demonstrated "extraordinary and compelling reasons" for release under Section 3582, the Section 3553(a) factors would still weigh against his release on balance. See United States v. Kerrigan, No. 16 CR 576, 2020 WL 2488269, at *4 (S.D.N.Y. May 14, 2020); United States v. Nieves, No. 12 CR 931, 2020 WL 2476185, at *3 (S.D.N.Y. May 13, 2020). Rensing's crimes were quite serious. He abused his position of trust as chief digital officer of a major entertainment company, employing a sophisticated scheme spanning at least four years to wrongfully acquire over $7 million. (See Opposition at 13-15.) It is not clear to the Court that Rensing has truly accepted responsibility for

5

his deliberate illegal conduct, either. Bearing in mind that the Court already sentenced Rensing at the bottom of the advisory guidelines range and that Rensing has yet to serve even half of that sentence, the Court is not presently persuaded that compassionate release would adequately reflect the seriousness of the crimes committed, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. The Court concludes that the weight of the Section 3553(a) factors would not warrant granting the Renewed Motion at this time.

Accordingly, it is hereby

**ORDERED** that the motion for compassionate release of Emil Rensing (No. 16 CR 442, Dkt. No. 108) is **DENIED.**


**SO ORDERED.**


Dated:  New York, New York
        15 July 2020

                                    Victor Marrero
                                      U.S.D.J.